IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,
       Plaintiff,

v.                               Case No. 3:09cv323/WS/EMT

EUNICE G. CROSBY, et al.,
       Defendants.
_____/

## ORDER and AMENDED REPORT AND RECOMMENDATION

Plaintiff United States of America (the USA) initiated this action to foreclose the lien of certain real estate mortgages and security agreements, pursuant to 28 U.S.C. § 1345 (Doc. 1).  This matter is presently before the court on the USA's Motion for Summary Judgment  (Doc. 20).  The court issued an advisement order informing the parties of the importance and ramifications of summary judgment consideration and provided them with information as to the requirements for materials submitted for Rule 56 review (Doc. 22).  Defendants have not responded to the motion.

According to the undisputed facts, on or about November 8, 2002, Eunice C. Crosby executed and delivered to Financial Freedom Senior Funding Corporation a real estate mortgage dated November 8, 2002, encumbering certain real property located in Escambia County, Florida, as more particularly described in the mortgage and property description submitted with the complaint (Doc. 20 at 1; Docs. 1-1, 1-2, 1-4).  The loan was guaranteed by the USA, acting through the United States Department of Housing and Urban Development (HUD) (Doc. 20 at 1).  Financial Freedom Senior Funding Corporation assigned the mortgage to HUD by a Corporation Assignment of Mortgage (Doc. 20 at 1; Doc. 1-3).  Ms. Crosby is in default under the terms and conditions of the mortgage by virtue of her death on March 26, 2009 (Doc. 20 at 2; Doc. 1-5).  Her Last Will and Testament bequeathed all her real property to her husband in the event he survived her and, in the event he did not survive her, to her children, per stirpes (Doc. 1-6).

It appears that all Defendants who are parties to this action have been duly served with legal process, and the court has jurisdiction over the parties and the subject matter.  Defendants Beverly W. Davis Hayslip, Pam Phillips, and Paige Jobe have answered the complaint, and all have disclaimed any interest in the real property (*see* Docs. 10, 11, 15).  An attorney ad litem was appointed to determine the interests of other possible claimants (Doc. 5).  The report of the attorney ad litem indicates that there are no unknown or unnamed devisees, grantees, assignees, lienors, creditors, or other claimants claiming by or through the decedent in this matter, and that all interested parties have been accounted for (Doc. 16).  The pleadings and documents filed therewith show there is no genuine issue respecting any material fact and that the USA is entitled to a judgment of foreclosure as a matter of law.

With its complaint, the USA has submitted to the court its proof in the form of the original mortgage, promissory note, assignment, property description, death certificate, and last will testament (Doc. 1, Exhibits).  In its motion for summary judgment, the USA has stated the amount due from the Estate of Eunice Goodwin Crosby, deceased.  The proof having been submitted and examined, and the pleadings, together with the record as a whole, having been considered, the undersigned finds a breach of the mortgage contract and the following amounts to be due to the USA thereon from the Estate of Eunice Goodwin Crosby, deceased:

| | |
|---|---|
| Unpaid principal | $82,247.36 |
| Unpaid interest to November 17, 2009<br>accrued in accordance with<br>adjustable rate note/mortgage:<br>initial signing rate of 3.010%<br>per annum and adjustable every<br>year thereafter | 29,272.22 |
| MIP (Mortgage Insurance Premium)<br>advances for tax payments and<br>insurance set forth in 24 C.F.R.<br>206.27 and 206.103 *et seq*. and HUD<br>handbook 4330.1 (13–14) *et seq*. | 5,518.90 |
| Service Fee<br>set forth in HUD handbook 4330.1 (13–15) | 2,430.00 |

TOTAL AMOUNT DUE (as of November 17, 2009)      **$119,468.48**

(plus interest at the daily accrual rate of 1.97% per annum or the per diem rate of $8.04 from November 17, 2009, to the date of entry of the order of the District Judge on this Report and Recommendation; interest accrues thereafter at the annual rate provided for in 28 U.S.C. § 1961). It is undisputed that the entity responsible for the damages is the Estate of Eunice Goodwin Crosby, deceased, not the individual Defendants (*see* Docs. 27, 29). It is also undisputed that the loan agreement does not allow the USA to obtain a deficiency judgment if the security instrument is foreclosed (*id.*).

According it is **ORDERED**:

The Report and Recommendation previously issued by the undersigned (Doc. 23) is **VACATED**.

And it is respectfully **RECOMMENDED**:

1.      That summary judgment of foreclosure be entered in favor of the United States of America against Beverly W. Davis Hayslip, Pam C. Phillips, and Paige Jobe, heirs at law of Eunice Goodwin Crosby, deceased, and the unknown or unnamed heirs, devisees, grantees, assignees, lienors, creditors, trustees, or other claimants claiming by, through, under, or against Eunice Goodwin Crosby, deceased.

2.      That the Estate of Eunice Goodwin Crosby, deceased, be ordered and directed to pay to the United States within ten (10) days after the date of entry of the order of the District Judge on this Report and Recommendation the sums of money found to be due the United States on the note and mortgage as set forth above.

3.      That if the Estate of Eunice Goodwin Crosby, deceased fails to pay said sums within the ten (10) day period, then, under the applicable laws and rules of this court, the United States Marshal be appointed sales officer and ordered and directed to sell the following described mortgaged property, situated, lying and being in Escambia County, Florida, to wit:

> Lot 14, Block 7, Section 10, Township 1 South, Range 30 West, less the South 100 feet of the North 136.50 feet of the East 200 fee of Lot 14, Block 7, Section 10, Township 1 South, Range 30 West, Escambia County, Florida, also less road right-of-way and drainage easement of record, according to map of said Section by

National Land Sales Company, appearing of record at page 369 of Deed Book 89 of the Public Records of Escambia County, Florida.

4.      That the United States Marshal be directed to advertise the sale of the subject real property in accordance with 28 U.S.C. §§ 2001 and 2002, after giving proper notice, and conduct a sale of the property at the front door of the Escambia County Courthouse at Pensacola, Florida.

5.      That upon the sale being made of the property and confirmed by this court, Defendants and all persons claiming under or against them since the filing of the Notice of Lis Pendens be foreclosed of all estate or claim in the property and the purchaser at the sale be let into possession of the property.

6.      That the United States be authorized to bid at the sale and any bid made by the United States be credited against the indebtedness due the United States.  If the United States is the successful bidder for an amount less than the amount due hereunder, then the United States may pay costs of court and expenses due hereunder and it not be necessary for the United States to pay over any money other than the costs of this suit.

7.      That upon sale being made, and if there are no objections to the sale within ten (10) days, then the Marshal be directed to make a report and accounting of the proceeds realized from the sale, if any, and the bidder or bidders at such sale, and report the amount of the sale for confirmation.  Upon the sale being made, the Marshal be directed to retain the proceeds thereof until confirmation and order of disbursement is made.

8.      That the court reserve jurisdiction to make such further orders as may be appropriate, including, but not limited to:  an order for the issuance of a writ of assistance should repossession of the subject real property be contested; an order for the taxation of all costs; and an appropriate order of disbursement should there be a surplus upon the sale of the subject real property.

At Pensacola, Florida, this 16th day of March 2010.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).